IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA


GREG GIVENS,

        Plaintiff,

v.                                        Civil Action No. 5:08CV25
                                                        (STAMP)
MAIN STREET BANK, WILLIAM CRISWELL,
REBECCA RANDOLPH, UNITED BANK-WHEELING,
UNITED BANK-DUNBAR, ROSELYN CANTINI,
OHIO COUNTY PROSECUTOR OFFICE
and WHEELING POLICE DEPARTMENT,
individually and collectively,

        Defendants.


**MEMORANDUM OPINION AND ORDER
GRANTING IN PART AND DENYING IN PART
MOTION TO DISMISS DEFENDANTS
WILLIAM CRISWELL AND WHEELING POLICE DEPARTMENT
AND GRANTING IN PART AND DENYING IN PART
DEFENDANTS MAIN STREET BANK AND
REBECCA RANDOLPH'S MOTION TO DISMISS**


I.  Procedural History

    The pro se[1] plaintiff, Greg Givens, filed suit in this Court

on January 14, 2008 against multiple defendants.  The plaintiff

alleges various federal constitutional and civil rights violations,

as well as state law claims for abuse of process and breach of

express duties, malicious prosecution, unlawful actions regulated

under federal law, and endangerment of and injury to plaintiff and

infliction of physical and emotional distress.

_____

        [1]"Pro se" describes a person who represents himself in a court
proceeding  without  the  assistance  of  a  lawyer.   Black's Law
Dictionary 1237 (7th ed. 1999).

In response to the complaint, defendants Main Street Bank and Rebecca Randolph filed a motion for a more definite statement, which was joined by defendants United Bank, Roselyn Cantini, William Criswell, and the Wheeling Police Department.[2] The plaintiff filed separate memoranda in response to Main Street Bank and Rebecca Randolph's motion and to the Wheeling Police Department and William Criswell's motion. By memorandum opinion and order dated September 25, 2008, this Court found that the plaintiff's responsive memorandum regarding his claims against defendants Main Street Bank and Rebecca Randolph obviated the need for an additional filing of a more definite statement against those defendants. However, this Court ordered the plaintiff to file a more definite statement against defendants Criswell and Wheeling Police Department.

Currently pending are a motion to dismiss by defendants William Criswell ("Criswell") and Wheeling Police Department ("WPD") and a motion to dismiss by defendants Main Street Bank and Rebecca Randolph ("Randolph"). The plaintiff has filed responses to both motions, as well as a pleading which this Court construes to be the plaintiff's more definite statement against defendants Criswell and WPD. The defendants have filed their respective replies.

---

[2]Defendants United Bank and Roselyn Cantini have since been dismissed from this action.

This Court has carefully reviewed the parties' motions and related memoranda, and because the plaintiff is <u>pro se</u>, this Court has liberally construed the plaintiff's pleadings. <u>See</u> <u>Haines v. Kerner</u>, 404 U.S. 519 (1971) (holding <u>pro se</u> complaint to less stringent standards than formal pleadings drafted by lawyers). After considering the briefs submitted by the parties, and the applicable law, this Court finds, for the reasons that follow, that defendants William Criswell and Wheeling Police Department's motion to dismiss must be granted in part and denied in part, and that defendants Main Street Bank and Rebecca Randolph's motion to dismiss must be granted in part and denied in part.

## II. <u>Facts</u>

Givens's complaint is some forty-four pages of, unfortunately, mostly incomprehensible and vague allegations, interspersed with various Latin phrases and somewhat random references to and quotes from numerous and largely irrelevant legal sources. He claims that the defendants have violated his First Amendment rights to freedom of speech, freedom of religion, and freedom to petition the courts. He also claims that the defendants have violated his Fourteenth Amendment and Fifth Amendment rights to due process. He further claims that the defendants have violated his Fourth Amendment right against unreasonable seizure. Givens states that he is bringing suit under 42 U.S.C. §§ 1981-1983 et seq., alleging that he was deprived of his liberty as a direct result of the defendants'

individual and collective actions when he "was abducted from his home in the dead of night," and "held 'without charge' for weeks on false information, in violation of his civil and constitutional rights."[3] (Compl. at 2, 3.) Apparently, charges were brought against Givens at some point because he states that the proceedings against him "have ended in the dismissal of all charges filed by the acts or omissions of named Defendants." (Compl. at 4.)

Givens provides somewhat clarifying information both in his response in opposition to the Criswell/WPD motion to dismiss and in his response to the motion for a more definite statement, alleging that Criswell and the WPD "issu[ed] a knowingly false and deceptive arrest warrant" (Pl.'s Resp. to Joined Mot. for More Definite Statement of Defs. William Criswell and Wheeling Police Department at 2.) and--somewhat less coherently--that his "arrest recived [sic] purposefully falsified information prepared by defendants Randolph and Criswell, . . . facts knowing not to be true . . ." (Pl.'s Opp'n to Mot. to Dismiss Defs. William Criswell and Wheeling Police Department). As noted above, according to Givens, the charges upon which he was arrested as a result of the defendants' actions have been dismissed.

In response to the motion for a more definite statement filed by defendants Main Street Bank and Rebecca Randolph and joined by

---

[3]Givens also asserted claims arising under other federal statutory provisions. Those claims were dismissed in this Court's September 25, 2008 memorandum opinion and order.

defendants William Criswell and the Wheeling Police Department, Givens claims that defendants Main Street Bank and Rebecca Randolph engaged in blackmail and criminal coercion to collect money from him. Specifically, Givens states that on July 12, 2007, Randolph locked him inside the Main Street Bank, waved unidentified documents in front of his face, and threatened to falsely prosecute and otherwise "ruin" him if he failed to pay the money so that the bank could "cover up . . . from implication from government officials." (Pl.'s Resp. to More Definite Statement, Aff. at 2.) Givens's response further claims that on January 2, 2008, he witnessed an oral exchange between an official of Main Street Bank and Assistant Ohio County Prosecutor Shawn Turak which occurred near the lobby of the Ohio County Magistrate Court. In that alleged exchange, which Givens claims involved a blackmail scheme between Main Street Bank and the prosecutor's office, Turak, acting on behalf of defendant the Office of Prosecuting Attorney, Ohio County, purportedly said to the bank official: "Let me know if we get the money from [Givens]." (Pl.'s Resp. to More Definite Statement, Aff. at 4.)

Based upon these allegations, Givens seeks monetary relief, as well as a declaratory judgment that the defendants are engaged in unlawful practices, and an injunction broadly barring the defendants from "Acts which harass, vex, and annoy Plaintiff, his family and business; Acts of threat of prosecution, and coercion

against Plaintiff and his civil and religious rights; Acts that interfer[e] with the use or occupation of the property of Plaintiff; from taking possession of, or attempting to take possession of, the property of Plaintiff; Acts which may endanger or are harmful to Plaintiff's reputation and personal freedoms; Acts or feats that will physically harm Plaintiff or his family; And why such other and further order should not be made as the court may deem proper." (Compl. at 43.)

### III. Applicable Law

In assessing a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), a court must accept the factual allegations contained in the complaint as true. Advanced Health Care Servs., Inc. v. Radford Cmty. Hosp., 910 F.2d 139, 143 (4th Cir. 1990). Dismissal is appropriate pursuant to Rule 12(b)(6) only if "'it appears to be a certainty that the plaintiff would be entitled to no relief under any state of facts which could be proven in support of its claim.'" Id. at 143-44 (quoting Johnson v. Mueller, 415 F.2d 354, 355 (4th Cir. 1969)); see also Rogers v. Jefferson-Pilot Life Ins. Co., 883 F.2d 324, 325 (4th Cir. 1989).

Stated another way, it has often been said that the purpose of a motion under Rule 12(b)(6) is to test the formal sufficiency of the statement of the claim for relief; it is not a procedure for resolving a contest about the facts or the merits of the case. 5A

6

Charles Alan Wright & Arthur R. Miller, <u>Federal Practice and</u> <u>Procedure</u> § 1356, at 294 (2d ed. 1990).  The Rule 12(b)(6) motion also must be distinguished from a motion for summary judgment under Federal Rule of Civil Procedure 56, which goes to the merits of the claim and is designed to test whether there is a genuine issue of material fact.  <u>Id.</u> § 1356, at 298.  For purposes of the motion to dismiss, the complaint is construed in the light most favorable to the party making the claim and essentially the court's inquiry is directed to whether the allegations constitute a statement of a claim under Federal Rule of Civil Procedure 8(a).  <u>Id.</u> § 1357, at 304, 310.

A motion to dismiss for failure to state a claim under Rule 12(b)(6) should be granted only in very limited circumstances. <u>Rogers</u>, 883 F.2d at 325.  A dismissal under Rule 12(b)(6) is granted only in cases in which the allegations raised in the complaint clearly demonstrate that the plaintiff does not have a claim and that no set of facts would support the plaintiff's claim. 5A  Wright & Miller, <u>supra</u> § 1357, at 344-45.

A motion to dismiss must be treated as a motion for summary judgment under Federal Rule of Civil Procedure 56 "where materials outside the pleadings are presented to and not excluded by the court."  Fed. R. Civ. P. 12(d).  <u>See</u> <u>Laughlin v. Metro., Washington</u> <u>Airports Auth.</u>, 149 F.3d 253, 260-61 (4th Cir. 1998).  However, all parties must be given notice when a court is treating a Rule

12(b)(6) motion as a motion for summary judgment. <u>Gay v. Wall</u>, 761 F.2d 175, 177 (4th Cir. 1985). Moreover, "[o]nce notified, a party must be afforded 'a reasonable opportunity for discovery' before a Rule 12(b)(6) motion may be converted and summary judgment granted." <u>Id.</u> (quoting <u>Johnson v. RAC Corp.</u>, 491 F.2d 510, 515 (4th Cir. 1974)).

In this action, defendants Criswell and WPD have attached an affidavit by Criswell to their motion to dismiss. Here, Givens appears to have been aware that matters outside the pleadings were submitted to the Court in connection with the motion to dismiss by Criswell and the Wheeling Police Department because Givens referred to the affidavit by Criswell attached to the motion in Givens's response opposing the motion. (<u>See</u> Pl.'s Opp'n to Mot. to Dismiss at 3.) However, the motion was not styled in the alternative as a motion for summary judgment, and the plaintiff may not have been aware that the motion to dismiss could be converted to a motion for summary judgment or that he had a right to attach counter-evidence. Additionally, the motion to dismiss was filed on the same date as the scheduling order, and the response was filed within two weeks afterward. Thus, at least at the time of filing, there had been no "reasonable opportunity for discovery," as required by <u>Gay</u>. This Court therefore excludes from consideration the extrinsic document submitted by defendants Criswell and WPD and declines to convert the motion to dismiss into a motion for summary judgment.

Accordingly, the motion to dismiss will be considered under the Rule 12(b)(6) standard of review.

## IV.  Discussion

A.  Preliminary Matters

1.  Effect of More Definite Statement on Allegations in Complaint

Although an amended complaint supersedes the original one and renders the first one of no legal effect, see Young v. City of Mt. Ranier, 238 F.3d 567, 572 (4th Cir. 2001), Givens has not filed, or sought to file an amended complaint in response to the defendants' motion for a more definite statement, nor was he required to do so. Rather, Givens filed a more definite statement in response to a motion.  Accordingly, this Court treats his pleading as supplementing rather than supplanting his original complaint.  See e.g., Middlebrooks v. Univ. of Maryland, 166 F.3d 1209 (4th Cir. 1999) (per curiam) (filing of amended complaint superseded original complaint as supplemented by more definite statement); Hodgson v. Virginia Baptist Hosp., Inc., 482 F.2d 821, 824 (4th Cir. 1973) (treating more definite statement as "limited expansion of a complaint").

2.  Identifiable Claims

As noted above, Givens's pro se status requires this Court to construe his pleadings liberally.  See Haines v. Kerner, 404 U.S. 519 (1971) (holding pro se complaint to less stringent standards

than formal pleadings drafted by lawyers). This Court has carefully reviewed Givens's complaint and other pleadings and has found no factual allegations relating to, let alone supporting, his claims that the defendants have violated his First Amendment rights to freedom of speech, freedom of religion, or freedom to petition the courts. Similarly, Givens has alleged no conduct by the defendants implicating the Fifth Amendment. Therefore, to the extent that Givens bases any of his claims upon First or Fifth Amendment protections, such claims must be dismissed.

However, Givens has alleged facts relating to his Fourth and Fourteenth Amendment rights and to some of his statutory claims arising under 42 U.S.C. §§ 1981-1983. These claims will be considered in more detail below.

B.    Wheeling Police Department and William Criswell's Motion to Dismiss

      1.    Wheeling Police Department as a Party

As a preliminary matter, this Court finds that although the defendants have not raised the issue, that the Wheeling Police Department is not a proper party to this action. A municipality may be subject to liability under § 1983 for the deprivation of a constitutional or civil right by one of its departments, such as a police department, but the municipality itself must cause the deprivation through its policies or customs. See Monnell v. Dep't of Soc. Servs., 436 U.S. 658, 694 (1978); City of Canton v. Harris,

489 U.S. 378, 385 (1989). The Wheeling Police Department is not a municipality and, therefore, is a not proper party to this action. Accordingly, the Wheeling Police Department must be dismissed.

2. <u>William Criswell</u>

Criswell argues that Givens has pled insufficiently specific allegations of conduct by him to sustain a claim under 42 U.S.C. § 1981, § 1982, or § 1983. Criswell also argues that Givens's statutory civil rights must fail under the doctrine of qualified immunity because Givens fails to articulate that Criswell has violated Givens's constitutional rights. This Court agrees in part and disagrees in part.

Givens's allegations against Criswell, construed liberally, are sufficiently set forth at this stage of the proceedings to survive, in part, Criswell's motion to dismiss under the liberal pleading standards of Federal Rule of Civil Procedure 8. Rule 8 provides, in relevant part, that to state a claim for relief, the pleading must give "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The United States Court of Appeals for the Fourth Circuit has recently determined in an unpublished, post-<u>Twombly</u> opinion that cases, such as this one, involving a qualified immunity defense do not require any heightened pleading. <u>See</u> <u>In re Mills</u>, 287 F. App'x 273, 280 (4th Cir. 2008) (unpublished) (citing <u>Trulock v. Freeh</u>, 275 F.3d 391, 405 (4th Cir. 2001)). Thus, the notice

pleading of Federal Rule of Civil Procedure 8(a)(2), which requires only a short and plain statement of the claim giving the defendant fair notice of what the claim is and the grounds upon which it rests, is applicable in qualified immunity cases. See id.

Given the liberal pleading standards applicable at this procedural juncture, this Court concludes, as discussed below, that Givens has failed to state a claim under 42 U.S.C. § 1981 or § 1982. This Court also finds that plaintiff's Fourteenth Amendment claims must fail. However, Givens has stated a cognizable claim under 42 U.S.C. § 1983 for a deprivation of his Fourth Amendment right to be free from unreasonable seizure. This Court also finds that Givens has stated a claim against Criswell for civil conspiracy under 42 U.S.C. § 1983. Finally, this Court finds that it is premature to decide the issue of qualified immunity. Each of these matters is addressed in turn below.

a.   Title 42, United States Code, Section 1981

As for any relief Givens may seek under § 1981, his claims must fail. To state a claim under § 1981, a plaintiff "must plead facts which establish that the defendants' acts were racially motivated and purposefully discriminatory." Waldron v. Rotzler, 862 F. Supp. 763, 768 (N.D.N.Y. 1994). Here, Givens has alleged that Criswell had "foreknowledge" of Givens's race as a Native American and that racial animus motivated Criswell's actions. (Compl. at 8-9; Pl.'s Mem. in Opp'n to Mot. to Dismiss Defs.

William Criswell and Wheeling Police Department at 2.) However, aside from his conclusory statement that the defendants' conduct was motivated by his race, Givens fails to plead any facts demonstrating that his race was the reason for Criswell's actions. Accordingly, Givens's § 1981 claims against Criswell will be dismissed.

### b. <u>Title 42, United States Code, Section 1982</u>

Similarly, to the extent that Givens seeks relief under § 1982, he fails to state a viable claim. Section 1982 provides: "All citizens of the United States shall have the same right, in every State and Territory, as is enjoyed by white citizens thereof to inherit, purchase, lease, sell, hold, and convey real and personal property." 42 U.S.C. § 1982. To state a claim under § 1982, plaintiffs must show:

> (1) they are members of a protected class; (2) they made themselves available to receive and pay for services ordinarily provided by the defendant to all members of the public in the manner in which they are ordinarily provided; and (3) they did not enjoy the privileges and benefits of the contracted for experience under factual circumstances which rationally support an inference of unlawful discrimination in that (a) they were deprived of services while similarly situated persons outside the protected class were not deprived of those services, and/or (b) they received services in a markedly hostile manner and in a manner which a reasonable person would find objectively unreasonable.

<u>Dobson v. Central Carolina Bank and Trust Co.</u>, 240 F. Supp. 516 (M.D.N.C. 2003). Here, Givens alleges no facts whatsoever

implicating Criswell under § 1982.  Therefore, Givens's § 1982 claims against Criswell will be dismissed.

   c.   <u>Title 42, United States Code, Section § 1983</u>

   To the extent that Givens's claims arise under § 1983, they fail in part and survive in part.  Section 1983 provides:

> Every person, who under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects . . . any citizens of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.  This Court construes Givens's § 1983 claims to be based upon the constitutional right to be free from prosecution without probable cause.  Insofar as his claims invoke due process rights accorded under the Fourteenth Amendment to the United States Constitution, they must be dismissed.  <u>See</u> <u>Albright v. Oliver</u>, 510 U.S. 266, 275 (1994) (determining that no Fourteenth Amendment right exists to be free from malicious prosecution).  Moreover, a § 1983 claim based upon the right to be free from false arrest under the Fourth Amendment protection against unreasonable seizures does not lie because Givens does not allege that Criswell participated in any way in Givens's actual arrest.  However, like the right to be free from false arrest, the right to be free from prosecution without probable cause implicates Fourth Amendment protections against unreasonable seizures.  <u>See</u> <u>Lambert v. Williams</u>, 223 F.3d 257, 261 (4th Cir. 2000) ("malicious prosecution

claim under § 1983 is properly understood as a Fourth Amendment claim for unreasonable seizure which incorporates some elements of the common law tort").

Here, Givens has provided sufficient allegations to state a claim against Criswell under § 1983 for the Fourth Amendment violation of unreasonable seizure. The Fourth Amendment to the United States Constitution provides, in relevant part: "The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated." U.S. Const. amend IV, cl. 1. To state a § 1983 claim for violation of Fourth Amendment unreasonable seizure by prosecution without probable cause, a plaintiff must allege that criminal proceedings were initiated against him, that legal process forming the basis for such proceedings issued without probable cause, and that such proceedings terminated in the plaintiff's favor. See Brooks v. City of Winston-Salem, 85 F.3d 178, 183-85 (4th Cir. 1996). Unlike the common law tort of malicious prosecution, however, a § 1983 claim does not require a showing of malice. See id. at 184 n.5. Rather, the reasonableness of a seizure under the Fourth Amendment in a § 1983 action is to be "analyzed from an objective perspective." Id.; see also Lambert, 223 F.3d at 262 n.2.

As noted above, Givens has alleged that Criswell knowingly made false and misleading statements to the prosecutor and

knowingly issued a false arrest warrant, the result of which was the deprivation of Givens's liberty for several weeks without charge. Givens has further alleged that once charges were brought, they were ultimately dismissed, thereby terminating the proceedings in Givens's favor. These allegations are sufficient to state a § 1983 claim for prosecution without probable cause as an unreasonable seizure under the Fourth Amendment.

     d.   <u>Civil Conspiracy</u>

Givens's allegations also state a cognizable civil conspiracy claim under 42 U.S.C. § 1983. To survive a motion to dismiss a § 1983 conspiracy claim, a plaintiff must allege that "the defendants conspired or acted jointly or in concert and that some overt act was done in furtherance of the conspiracy, which resulted in plaintiff being deprived of the constitutional right." <u>Hafner v. Brown</u>, 983 F.2d 570, 577 (4th Cir.1992). <u>See also</u> <u>Hinkle v. City of Clarksburg, W. Va.</u>, 81 F.3d 416, 421 (4th Cir. 1996) (circumstantial evidence may be sufficient to establish § 1983 conspiracy claim). Here, Givens alleges that Criswell conspired with others to deprive Givens of his constitutional rights by acting together to prosecute him and making statements in support of the prosecution "with knowledge of their falsity or with reckless disregard for their truth or falsity." (Compl. at 12.) Although Givens appears to invoke the law of libel here, his allegations, when read with other allegations and construed

16

liberally, may be read as a § 1983 civil conspiracy claim for prosecution without probable cause in violation of the Fourth Amendment right against unreasonable seizure. Finally, Givens alleges that the defendants' actions resulted in his arrest but that the charge were ultimately dropped. Together, these allegations may be taken to assert that Criswell conspired or acted jointly, or in concert, with others to provide false information to initiate criminal proceedings against Givens, and that, as a result of their actions, Givens was arrested and charged with a criminal offense which was later dismissed. These allegations state a cognizable § 1983 claim against Criswell for civil conspiracy to prosecute Givens without probable cause in violation of the Fourth Amendment.

e.    Qualified Immunity

This Court declines at this stage of the proceedings to decide whether Criswell is entitled to qualified immunity as a defense to the allegations asserted by Givens. Under the doctrine of qualified immunity, government officials are not subject to liability for civil damages for conduct that "does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." See Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). In Saucier v. Katz, 533 U.S. 194, 201 (2001), the Supreme Court of the United States established a rigid two-step sequence for determining a defendant's entitlement to

qualified immunity. First, "a court must decide whether the facts that a plaintiff has alleged (see Fed. R. Civ. P. 12 (b)(6), (c)) or shown (see Fed. R. Civ. P. 50, 56) make out a violation of a constitutional right. Second, if the plaintiff has satisfied this first step, the court must decide whether the right at issue was 'clearly established' at the time of the defendant's alleged misconduct." Pearson v. Callahan, 129 S. Ct. 808, 815-16 (2009) (citing Saucier v. Katz, 533 U.S. 194, 201 (2001) (internal citations omitted)). Recently, the Supreme Court held that courts no longer need to adhere to the rigid sequence of the analysis established in Saucier. See Pearson v. Callahan, 129 S. Ct. 808, 815-16, 818 (2009). However, the Court did not modify the elements of the qualified immunity analysis. See id. Rather, Pearson held that lower courts may decide on a case-by-case basis whether to follow or to vary from the sequence set forth in Saucier. See id. at 818.

Based upon the record of this action as currently developed, this Court believes that conducting a qualified immunity analysis is premature. Discovery is near completion. If the parties choose to file dispositive motions in accordance with the governing scheduling order, the parties' memoranda and any exhibits attached thereto, as permitted by the Federal Rules of Civil Procedure, may assist this Court in determining the sequence of the qualified immunity analysis should Criswell raise the issue at that stage.

In light of the foregoing, the motion by defendants Wheeling Police Department will be granted in part and denied in part.

C.   <u>Main Street Bank and Rebecca Randolph's Motion to Dismiss</u>

Givens's claims against defendant Main Street Bank fail, but his claims against Rebecca Randolph survive in part.  This Court construes Givens's complaint against these defendants as alleging a § 1983 civil conspiracy to deprive him of his Fourth Amendment right to be free from prosecution without probable cause.  A private party who conspires with a state actor to violate a person's civil or constitutional rights may, under very limited circumstances, be subject to liability under § 1983.  <u>Hassemi v. Corporation of Ranson</u>, 170 F. Supp. 2d 626, 634 (N.D. W. Va. 2001). "[T]o sustain such a claim, the plaintiff must allege facts showing an agreement or meeting of the minds between the state actor and the private actor to engage in a conspiracy to deprive the plaintiff of a constitutional right."  <u>Id.</u>  Even where state actors are immune from suit under qualified immunity, private actors who conspire with state actors to deprive an individual of his or her civil or constitutional rights are not derivatively entitled to the protections of qualified immunity.  See <u>Dennis v. Sparks</u>, 449 U.S. 24 (1980).  However, a private party who merely invokes state legal procedures does not create or become part of a conspiracy with state officials under § 1983.  See <u>Hessami</u>, 170 F. Supp. 2d at 634. Thus, a private actor does not take joint action under color of

state law and thereby become liable under § 1983 merely by furnishing information to police officers who then act upon that information. <u>See</u> <u>id.</u> <u>See also</u> <u>Lee v. Town of Estes Park</u>, 820 F.2d 1112, 1115 (10th Cir. 1987); <u>Cruz v. Donnelly</u>, 727 F.2d 79 (3d Cir. 1984).

      a.   <u>Main Street Bank</u>

Here, assuming the truth of Givens's factual allegations and construing his pleadings liberally, this Court finds Givens has not set forth sufficient facts under the simple pleading standards of Rule 8(a)(2) to survive a motion to dismiss as to defendant Main Street Bank. Specifically, in Givens's combination "Memorandum in Opposition to Defendants' Motions to Dismiss; and Defendants' Motion(s) for More Definite Statement" and "Memorandum and Affidavits in Support of Plaintiff's Motion for Summary Judgment, (or in the alternative, Plaintiff's Motion for Temporary Restraining Order, Preliminary and/or Permanent Injunction)," Givens alleges that on January 2, 2008, he witnessed a conversation between an official from Main Street Bank and Assistant Ohio County Prosecutor Shawn Turak[4] in which the two came to an agreement to blackmail Givens and possibly others. According to Givens, he specifically overheard Turak say, "let me know if we get the money from Givens." (<u>See</u> Main Street Bank and Randolph's Mot. to

_____

[4]Assistant Ohio County Prosecutor Shawn Turak has previously been dismissed from this action.

20

Dismiss, Ex. A at 4.)  According to Givens, this statement is sufficient to establish evidence of a conspiracy because there is "no legitimate amount of money owed to Turak or Main Street Bank by [him], and was an exchange of justice for money."  However, even assuming the truth of Givens's assertion that he does not owe any money to Turak or Main Street Bank, this statement, without more, does not suggest the possible existence of a conspiracy between Turak and Main Street Bank to blackmail Givens.

Similarly, to the extent that Givens attempts to clarify his causes of action in his submission styled, "Plaintiff Opposition to Motion to Dismiss Defendants Main Street Bank and Rebecca Randolph; Addendum Actions," he has set forth no allegations that Main Street Bank, as an entity, conspired with a state actor to deprive him of his civil and constitutional rights.  (See "Pl.'s Opp'n to Mot. to Dismiss Defs. Main Street Bank and Rebecca Randolph; Addendum Actions" at 2-3.)  Therefore, Givens's claims against Main Street Bank will be dismissed.

   b. <u>Rebecca Randolph</u>

However, Givens's complaint does set forth an adequate factual basis under the simple pleading standards of Rule 8(a)(2) to state a § 1983 civil conspiracy claim against Randolph and thereby survive a motion to dismiss.  Specifically, Givens alleges that Randolph conspired with others, among them defendant Criswell, to

21

make knowingly false statements to initiate a prosecution against Givens without probable cause. Givens's allegations, when read in the context of his entire complaint and construed liberally, may be read as a § 1983 civil conspiracy claim for prosecution without probable cause in violation of the Fourth Amendment right against unreasonable seizure.

As discussed above, Givens alleges that all of the defendants, including Randolph, "have shown a consistent act of making a wilfully false statement with the intent that others shall act in reliance upon it" and that they have "represent[ed] false fact, or have made knowingly false document, have committed acts made with intention of action upon Plaintiff." (Compl. at 25.) On page four of his complaint, Givens claims that the defendants, including Randolph, "are engaged in the direct and unlawful conspiracy to deprive [Givens] of his civil and constitutional rights and privileges." (Compl. at 4.) Further, in his response to the motion for a more definite statement, which was initially filed by defendants Main Street Bank and Rebecca Randolph, and thereafter joined by defendants William Criswell and the Wheeling Police Department, Givens claims that his "arrest recived [sic] purposefully falsified information prepared by defendants Randolph and Criswell, . . . facts knowing not to be true . . ." (Pl.'s Opp'n to Mot. to Dismiss Defs. William Criswell and Wheeling Police Department). On page 38 of his complaint, Givens alleges that the

defendants "(1) ha[ve] made an illegal, improper or perverted use of the process by misuse of the truth, the law and the courts, a use neither warranted nor authorized by the judicial process; (2) had ulterior motive or purpose, being financial gain and desire over that which is exempt, in exercising such illegal, perverted or improper us[e] of process; and (3) damages have resulted to the Plaintiff from the irregularity." (Compl. at 38.) Finally, as noted above, Givens alleges that the defendants' actions resulted in his arrest, depriving him of his liberty when he "was abducted from his home in the dead of night," and "held 'without charge' for weeks on false information, in violation of his civil and constitutional rights" (See Compl. at 2, 3), but that the charges were ultimately dropped. Together, these allegations may be taken to assert that Randolph conspired with, or acted jointly, or in concert with state actors, to provide false information to initiate criminal proceedings against Givens, and that, as a result of their actions, Givens was arrested and charged with a criminal offense which was later dismissed. These allegations state a cognizable § 1983 claim against Randolph for civil conspiracy to deprive Givens of his Fourth Amendment right against unreasonable seizure by knowingly making false statements to initiate criminal prosecution against Givens without probable cause.

Based upon the foregoing discussion, this Court concludes that defendants Main Street Bank and Rebecca Randolph's motion to dismiss must be granted in part and denied in part.

D.   State Law Causes of Action

In addition to his federal causes of action, Givens has also asserted a number of state law claims, including a claim for abuse of process and breach of express duties; a claim for malicious prosecution; and a claim for endangerment of and injury to the plaintiff and for infliction of emotional distress. The defendants' respective motions request dismissal of the state law claims. However, this Court finds that dismissal on the record as currently developed is premature and therefore declines at this stage of the proceedings to dismiss the state law claims. As mentioned above, discovery is near completion, and the parties may submit dispositive motions and relevant attachments, as permitted by the Federal Rules of Civil Procedure, in support of their relative positions concerning the disposition of Givens's state law claims. Accordingly, the defendants' motions to dismiss will be denied as to Givens's state law claims.

## V.   Conclusion

For the reasons stated above, defendants William Criswell and Wheeling Police Department's motion to dismiss is GRANTED IN PART and DENIED IN PART. Specifically, the motion is GRANTED on all claims against defendant Wheeling Police Department, and that

defendant is DISMISSED as a party to this action. The motion is GRANTED on all claims against defendant William Criswell except for the plaintiff's § 1983 claim for prosecution without probable cause and the plaintiff's state law claims. As to those claims against defendant William Criswell, the motion is DENIED. Further, for the reasons stated above, defendants Main Street Bank and Rebecca Randolph's motion to dismiss is GRANTED IN PART and DENIED IN PART. Specifically, the motion is GRANTED on all claims against defendant Main Street Bank, and that defendant is DISMISSED as a party to this action. The motion is GRANTED on all claims against defendant Rebecca Randolph except for the plaintiff's § 1983 claim for prosecution without probable cause and the plaintiff's state law claims. As to those claims against defendant Rebecca Randolph, the motion is DENIED.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to the pro se plaintiff by certified mail and to counsel of record herein.

DATED: April 24, 2009


/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE