**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

**GREG GIVENS,**
                **Plaintiff,**

*vs*.                                        **CIVIL ACTION NO. 5:08CV25**
                                                 **Judge Stamp**

**WILLIAM CRISWELL and**
**REBECCA RANDOLPH,**

                **Defendants.**

## ORDER/OPINION

On August 4, 2009, Plaintiff Greg Givens, *pro se,* filed a "Notice and Motion for Hearing on Defendant Non-Delivery of Service and Non-Disclosure Upon Plaintiff" [Docket Entry 146]. On August 10, 2009, Defendant Rebecca Randolph filed a Response to the Motion [Docket Entry 148]. On October 23, 2008, District Judge Frederick P. Stamp referred any non-dispositive pre-trial motions, excluding motions in limine, to the undersigned United States Magistrate Judge for decision [Docket Entry 85].

Plaintiff Givens requests a hearing in his Notice and Motion; however, the undersigned finds a hearing is unnecessary to a determination on the issue at bar, and therefore **DENIES** same.

In his Motion, Plaintiff Givens moves the Court for a hearing, "charging Defendant Criswell and Defendant Randolph, and attorneys of record, of Non-Delivery of Service and Non-Disclosure upon Plaintiff. Plaintiff asserts that evidence supports his motion, on the grounds of failure under Rule 5, Federal Rules of Civil Procedure, citing F.R.Civ.P. 5 and 7.

Rule 5 provides, in pertinent part:

(1) In General. Unless these rules provide otherwise, each of the following papers must be served on every party:

(A) an order stating that service is required;

(B) a pleading filed after the original complaint, unless the court orders otherwise under Rule 5(c) because there are numerous defendants;

(C) a discovery paper required to be served on a party unless the court orders otherwise;

(D) a written motion, except one that may be heard ex parte; and

(E) a written notice, appearance, demand, or offer of judgment, or any similar paper.

Pursuant to Rule 5(b)(2)(C), service may be made on a party who is not represented by an attorney by mailing it to the person's last known address – in which event service is complete upon mailing. Plaintiff is unable to access the Court's electronic filing system, and therefore cannot file, sign, verify or view any Court documents of filings made by any party through that system. Plaintiff goes on to state:

> Citing i.e. Mr. Gamble's certified letters; UNSERVED copies of Protections Orders, cited therein, and Ms. Murray-Hall references to the same. Citing FRCP, FRCP section 5, et al, as if fully set forth herein.

> Pursuant to Fed.R.Civ. Proc. section 7, which states, in part:

> A request for a court order must be made by motion. Citing Rule 7(b)(1), Motions and Other Papers; FRCP generally.

> Plaintiff then:

> cites Defendant Criswell's attorney(s) as having submitted statements of false fact upon this court, and of no intrinsic value as to delivery, instead only certified letters of intentions (not the actual documents), and intimidations upon Plaintiff, ex parte. Citing Plaintiff, Exhibits "S", "T", and "U".

> Reference to record for Defendant Criswell and Defendant Randolph, and attorneys of record:

>> (1)   Disciplinary Letter Concerning Attorney Lee Hall, Jenkins, Fenstermaker, PLLC.

>> (2)   Ex Parte Letters from Attorney Keith Gamble, Pullin, Fowler, Flanagan, Brown & Poe, PLLC.

> Such references endanger Plaintiff as to "unfair prejudice" as evidence by the multiple Exhibits obvious the matter to any trained attorney.

        (1)      As a *degredior* of civil contempt.

        (2)      Such *referio* creates "an atmosphere of distrust among the parties" as to "suffer tension among the issues," as such to mislead this court and create manipulative burdens upon Plaintiff by Defendant's presentation.

In support of his motion, Plaintiff Givens attaches three exhibits containing the following documents:

1)      A letter from attorney Keith Gamble to Plaintiff, dated July 15, 2009, which states it was sent by Certified Mail. The letter states that Mr. Gamble received Plaintiff's notice to take the videotaped deposition of his client, and explains to Plaintiff that the Court had stayed discovery in this matter. Mr. Gamble requested Mr. Givens withdraw his notice of deposition until such time the Court rules on pending motions. The letter also informed Mr. Givens that Mr. Gamble intended to file a Motion for Protective Order with the Court. If Mr. Givens withdrew his notice, Mr. Gamble would withdraw his Motion for Protective Order.

The docket indicates Mr. Gamble did file a Motion for Protective Order on behalf of his client that same day. The Certificate of Service for the Motion indicates Mr. Givens was served "by mailing [to him] a true copy via certified U.S. Mail, postage pre-paid"

2)      A letter from attorney Gamble to Plaintiff Givens, dated May 8, 2009, which states it was sent by Certified Mail, making a settlement offer to Plaintiff in return for full and final release of claims against Defendant Randolph.

3)      A letter from attorney Gamble to Plaintiff Givens, dated July 28, 2009, stating it was sent Certified Mail, and stating that Mr. Gamble's office had received a second notice to take Randolph's deposition. Mr. Gamble reiterated the Court's stay of discovery, and asked again that Plaintiff Givens withdraw his notice of Deposition. If Mr. Givens did not do so, Mr. Gamble would re-file a motion for Protective Order with the Court.

A review of the docket indicates that on July 31, 2009, Mr. Gamble did file a Motion for Protective Order on behalf of his client, Rebecca Randolph. The Certificate of Service for that Motion indicates it was served on Plaintiff Givens "by mailing a true copy [to him] via certified U.S. Mail, postage pre-paid."

4)   A letter from Mr. Gamble to Mr. Givens, stating it was sent by Certified Mail on July 22, 2009, and serves as a written memorialization of a conversation between the two, in which apparently Mr. Givens stated he had canceled the notice of deposition of Rebecca Randolph. In light of which, Mr. Gamble states he would withdraw his Motion for Protective Order.

5)   A letter from attorney Lee Murray Hall with the firm of Jenkins Fenstermaker, PLLC, to Plaintiff Givens, dated July 20, 2009, stating it was sent to Mr. Givens by Certified Mail, Return Receipt Requested., and informing Plaintiff givens that Ms. Hall received notice of Givens' intent to take the videotaped deposition of her client, Defendant Criswell.  As had Mr. Gamble, Ms. Hall states that the Court had entered a stay of discovery in this matter, and that the notice of deposition therefore was improper.  She asked that Plaintiff Givens withdraw his notice, or she would necessarily file a joinder of Defendant Randolph's motion for protective order.  Ms. Hall expressly notes that Motion would be mailed under separate cover.

On July 21, 2009, Plaintiff givens filed "Notice of Continuation of Video-Taped Deposition of William Criswell" and "Notice of Continuation of Video-Taped Deposition of Rebecca Randolph," evidencing that he had indeed conversed with Mr. Gamble and received the letter from Ms. Hall regarding the depositions.

6)   A letter from Lawyer Disciplinary Counsel Jessica H. Donahue to Mr. Givens, regarding "Ethics Complaint against Janice Lee Murray Hall, Esquire." The letter was dated July 23, 2009, and states:

This letter is to advise you that  the complaint you filed against Janice Lee Murray Hall, Esquire, has been received and reviewed by this office.

You alleged that Ms. Murray Hall, who is opposing counsel, made false written statement before the Federal Court in Wheeling, West Virginia.

Your allegation of false statements involve factual disputes and legal questions which are best addressed in appropriate court proceedings.  This office does not have jurisdiction to resolve such matters, nor does this office have jurisdiction to review court rulings and court procedure.  You should consult with an attorney regarding these issues.  Furthermore, it appears that Case Number 07-F-236 was dismissed in the Magistrate Court of Ohio County, West Virginia on January 2, 2008.  The basis of the motion to dismiss was to present the matter to the Ohio County Grand Jury .  On January 14, 2008, the Ohio County Grand Jury incited you under Case Number 08-F-20 for the same criminal act that was charged in 07-F-236.  Ms. Murray Hall likely made a mistake and referred to the wrong case number in her motion.

Accordingly, it has been determined that your complaint against Ms. Murray Hall does not constitute a violation of the Rules of Professional Conduct. This complaint will not be docketed but will be closed without further action. Ms. Murray Hall was not required to respond to this complaint.

The Court finds none of the above documents were of the type required to be served pursuant to Rule 5. None of the letters represent Orders, Pleadings, Motions, or Certificates of Service for discovery documents, which must be filed with the Court. Further, all the above letters were properly sent to Plaintiff Givens by certified mail. Each and every exhibit Plaintiff Givens attaches to his motion is correspondence between counsel for Defendant and him, or, in one case, between Disciplinary Counsel and him, regarding an issue raised by Mr. Givens. This type of correspondence, between parties, or, in this case counsel for a party and a party *pro se*, is totally proper. None of the exhibits indicate any "ex parte" communication, which is defined as "communication between counsel <u>and the court</u> when opposing counsel is not present." <u>Black's Law Dictionary</u> (8th ed. 2004) (Emphasis added). Each letter was properly sent by mail to Plaintiff Givens. Each letter, with the exception of Ms. Donahue's, is a proper attempt to make a good faith effort to confer regarding a dispute without court action. <u>See</u> F.R.Civ.P 26(c)(1) which provides, in pertinent part:

> A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending . . . . The motion <u>must</u> include a certification that <u>the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action</u>.

(Emphasis added). In other words, it was not only proper for counsel to confer with Plaintiff before filing their Motions for Protective Order, counsel was <u>required</u> to confer with Plaintiff Givens before requesting a Motion for Protective Order from the Court. Further, a review of the docket indicates that, where the Defendants did file a Motion for Protective Order with the Court, Plaintiff Givens was properly served by mail, pursuant to Rule 5 (b)(C). Defendant further attached to her response

six Return Receipts for Certified Mail, showing Plaintiff Givens received the articles.

Plaintiff cited only those letters he attached as evidence to support his claim, using the abbreviation i.e. (*id est*.), meaning "that is."  The American College Dictionary, 599 (1970).  The use of this phrase indicates Plaintiff Givens expressly  intended to refer only to those letters he attached, and did not mean them to be examples of documents.

A review of the docket in this case indicates that every document required to be served on Plaintiff, *pro se*, was mailed to him by certified mail, as evidenced by the Certificates of Service for each and every filing.  Finally, Plaintiff Givens presents no evidence, and the undersigned finds no evidence, that there was any *ex parte* communication between any party and the Court at any time, with the exception of letters sent by Plaintiff Givens to the Court. See Docket Entry 67, Order Filing Ex Parte Communications.

For all the above reasons, the Court **DENIES** Plaintiff Greg Givens' "Notice and Motion for Hearing On Defendant Non-Delivery of Service and Non-Disclosure of Plaintiff" [Docket Entry 146].

It is so **ORDERED**.

The Clerk of the Court is directed to send a copy of this Order to counsel of record, and to Greg Givens, Plaintiff *pro se* by Certified United States Mail.

DATED: September 3, 2009

*John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE