IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

GREG GIVENS,

    Plaintiff,

v.                                          Civil Action No. 5:08CV25
                                                            (STAMP)

MAIN STREET BANK,
WILLIAM CRISWELL,
REBECCA RANDOLPH,
UNITED BANK-WHEELING,
UNITED BANK-DUNBAR,
ROSELYN J. CANTINI,
OHIO COUNTY PROSECUTOR OFFICE,
and WHEELING POLICE DEPARTMENT,
individually and collectively,

    Defendant.

**<u>MEMORANDUM OPINION AND ORDER</u>**
**<u>CONFIRMING PRONOUNCED ORDER OF THE COURT</u>**
**<u>GRANTING DEFENDANT RANDOLPH'S MOTION TO STRIKE</u>**
**<u>THE PLAINTIFF'S RESPONSE TO THE DEFENDANT'S ANSWER;</u>**
**<u>DENYING WITHOUT PREJUDICE DEFENDANT CRISWELL'S</u>**
**<u>MOTION TO APPOINT THE PLAINTIFF A GUARDIAN AD LITEM;</u>**
**<u>DENYING WITHOUT PREJUDICE DEFENDANT RANDOLPH'S MOTION</u>**
**<u>TO DISMISS AND GRANTING ALTERNATIVE MOTION TO JOIN IN</u>**
**<u>MOTION ON BEHALF OF WILLIAM CRISWELL TO APPOINT</u>**
**<u>PLAINTIFF GREG GIVENS A GUARDIAN AD LITEM;</u>**
**<u>GRANTING IN PART AND DENYING IN PART</u>**
**<u>PLAINTIFF'S MOTION FOR PLAINTIFF TO REPRESENT</u>**
**<u>HIMSELF PRO SE WITH STANDBY COUNSEL;</u>**
**<u>DENYING WITHOUT PREJUDICE THE PLAINTIFF'S</u>**
**<u>MOTION FOR EXCLUSION OF DEFENDANTS'</u>**
**<u>EVIDENCE BASED ON GROUNDS OF PREJUDICE,</u>**
**<u>CONFUSION, OR WASTE OF TIME;</u>**
**<u>GRANTING DEFENDANT RANDOLPH'S MOTION</u>**
**<u>TO VACATE SCHEDULING ORDER</u>**
**<u>PURSUANT TO LOCAL RULE OF CIVIL PROCEDURE 16.01;</u>**
**<u>GRANTING DEFENDANT CRISWELL'S MOTION</u>**
**<u>TO VACATE SCHEDULING ORDER</u>**
**<u>PURSUANT TO LOCAL RULE OF CIVIL PROCEDURE 16.01;</u>**
**<u>AND DENYING WITHOUT PREJUDICE THE PLAINTIFF'S</u>**
**<u>MOTION TO ADMIT HEARSAY EVIDENCE AS</u>**
**<u>ADMISSIBLE PURSUANT TO ACCEPTABLE STANDARDS</u>**

I. <u>Introduction</u>

On September 28, 2009, the parties in the above-styled civil action participated in a status and scheduling conference. At this conference, this Court ruled on several motions pending before this Court.

At the status and scheduling conference, this Court GRANTED defendant Randolph's motion to strike the plaintiff's response to the defendant's answer; DENIED WITHOUT PREJUDICE defendant Criswell's motion to appoint the plaintiff a guardian ad litem; DENIED WITHOUT PREJUDICE defendant Randolph's motion to dismiss without prejudice, but GRANTED the alternative motion to join in motion on behalf of William Criswell to appoint plaintiff Greg Givens a guardian ad litem; GRANTED IN PART and DENIED IN PART the plaintiff's motion for plaintiff to represent himself pro se with standby counsel; DENIED WITHOUT PREJUDICE the plaintiff's motion for exclusion of defendant's evidence based on grounds of prejudice, confusion, or waste of time; GRANTED defendant Randolph's motion to vacate scheduling order pursuant to Local Rule of Civil Procedure 16.01; GRANTED defendant Criswell's motion to vacate scheduling order pursuant to Local Rule of Civil Procedure 16.01; and DENIED WITHOUT PREJUDICE the plaintiff's motion to admit hearsay evidence as admissible pursuant to acceptable standards.

## II. Discussion

### A. Defendant Randolph's Motion to Strike the Plaintiff's Response to the Defendant's Answers Due to Improper Pleading

On May 18, 2009, the plaintiff filed a response to the defendants' answers. On June 10, 2009, defendant Randolph filed a motion to strike this response as an improper pleading. This Court agrees with defendant Randolph that this response should be viewed as an attempt to amend the complaint without an order of this Court. Even viewing the plaintiff's pleadings liberally, this response is not proper and not contemplated by the Federal Rules of Civil Procedure ("Rules"). Fed. R. Civ. P. 7(a). The plaintiff did not comply with the Rules in that this Court did not order the plaintiff to reply to the defendants' answers. Additionally, the plaintiff's pleadings under "affirmative offenses" are not permitted under the Rules. Finally, the plaintiff did not seek leave of court to amend his complaint. Fed. R. Civ. P. 15(a). Therefore, this Court must grant defendant Randolph's motion to strike the plaintiff's response to the defendant's answers.

### B. Defendants' Motions to Appoint Guardian Ad Litem for Plaintiff Greg Givens

On June 26, 2009, defendant Criswell filed a motion for this Court to appoint a guardian ad litem for the plaintiff. On July 14, 2009, defendant Randolph filed a motion to dismiss without prejudice and in alternative motion to join in defendant's motion to appoint a guardian ad litem. At this time, this Court denies

3

the defendants' motions for appointment of a guardian ad litem and to dismiss. This Court grants the alternative motion to join in the motion to appoint a guardian ad litem. This Court has not seen any medical reports reviewing the plaintiff's competency. In his response to defendant Criswell's motion to appoint a guardian ad litem, the plaintiff states that he is willing to participate in a full psychological evaluation. This Court will deny the guardian ad litem motions without prejudice so that the competency of the plaintiff may be determined, if appropriate.

C.   <u>The Plaintiff's Motion for Plaintiff to Represent Himself Pro Se with Standby Counsel</u>

On July 14, 2009, the plaintiff filed a motion to represent himself pro se with standby counsel. At this time, this Court grants this motion in part and denies this motion in part. This Court denied without the prejudice the defendants' motions for a guardian ad litem. Therefore, this Court will grant the plaintiff's motion to represent himself pro se. This Court, however, does not appoint standby counsel in civil cases. Accordingly, the plaintiff's motion for standby counsel must be denied.

D.  <u>The Plaintiff's Motion for Exclusion of Defendants' Evidence Based on Grounds of Prejudice, Confusion, or Waste of Time and the Plaintiff's Motion to Admit Hearsay Evidence as Admissible Pursuant to Acceptable Standards</u>

The plaintiff appears to make two motions in limine regarding exclusion of evidence and admission of hearsay.  These motions are premature, and as a result, are denied without prejudice for the plaintiff to bring at a later date pursuant to this Court's amended scheduling order, as a motion in limine.

E.  <u>Defendants' Motions to Vacate the Scheduling Order Pursuant to Local Rule of Civil Procedure 16.01</u>

Pursuant to Local Rule of Civil Procedure 16.01(f)(1), "[t]ime limits in the scheduling order for the joinder of other parties, amendment of pleadings, filing of motions, and completion of discovery, and dates for conferences before trial, a final pre-trial conference, and trial may be modified for cause by order." L. R. Civ. P. 16.01(f)(1).  On June 30, 2009, this Court entered an order staying discovery pending a ruling on defendant Criswell's motion for appointment of guardian ad litem for the plaintiff. Because of the stay, the parties have not completed discovery. Therefore, this Court now lifts the stay and will grant both defendant Criswell and defendant Randolph's motions to vacate the scheduling order pursuant to Local Rule of Civil Procedure 16.01. An amended scheduling order has been entered.

III. <u>Decision</u>

For the reasons set forth above, this Court hereby CONFIRMS pronounced order of the court and GRANTS defendant Randolph's motion to strike the plaintiff's response to the defendant's answer; DENIES WITHOUT PREJUDICE defendant Criswell's motion to appoint the plaintiff a guardian ad litem; DENIES WITHOUT PREJUDICE defendant Randolph's motion to dismiss without prejudice and GRANTS the alternative motion to join in motion on behalf of William Criswell to appoint plaintiff Greg Givens a guardian ad litem; GRANTS IN PART and DENIES IN PART the plaintiff's motion for plaintiff to represent himself pro se; DENIES WITHOUT PREJUDICE the plaintiff's motion for exclusion of defendant evidence based on grounds of prejudice, confusion, or waste of time; GRANTS defendant Randolph's motion to vacate scheduling order pursuant to Local Rule of Civil Procedure 16.01; GRANTS defendant Criswell's motion to vacate scheduling order pursuant to Local Rule of Civil Procedure 16.01; and DENIES WITHOUT PREJUDICE the plaintiff's motion to admit hearsay evidence as admissible pursuant to acceptable standards.

IT IS SO ORDERED.

The Clerk is directed to transmit a copy of this order to the pro se plaintiff by certified mail and to counsel of record herein.

DATED:    September 29, 2009

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE