# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

GREG GIVENS,
        Plaintiff,

vs.                                                          CIVIL ACTION NO. 5:08CV25
                                                                        Judge Stamp

WILLIAM CRISWELL and
REBECCA RANDOLPH,
        Defendants.

## ORDER/OPINION

On November 2, 2009, Plaintiff, *pro se*, Greg Givens filed "Plaintiff Notice and Motion to Compel Discovery" [Docket Entry 193]. In his Motion, Mr. Givens expressly states:

> On October 5, 2009, Plaintiff, GREG GIVENS, filed notice with the Court of Plaintiff's First Set of Interrogatories, Request for Production of Documents and Request for Admissions against Defendants Criswell and Randolph.

A review of the docket in this case indicates Mr. Givens filed Certificates of Service showing service by mail of his discovery requests on both parties on October 5, 2009. Mr. Givens then states:

> As per court Rule, such discovery request [sic] have not been returned to date, or have been completely retyped and altered away from the original documents.

> As regards responses to these discovery requests not yet filed, the Court directs the parties'

attention to: F.R.Civ.P 33(b)(2), which provides:

> The responding party must serve its answers and any objections within 30 days after being served with the interrogatories. A shorter or longer time may be stipulated to under Rule 29 or ordered by the Court.

F.R.Civ. P. 34(b)(2) which provides:

> The party to whom the request is directed must respond in writing within 30 days after being served. A shorter or longer time may be stipulated to under Rule 29 or ordered by the Court.

and F.R.Civ.P. 36(a)(3), which provides:

> A matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney. A shorter or longer time may be stipulated to under Rule 29 or ordered by the Court.

Plaintiff expressly states, and the record shows, he served the requests for discovery by mail on October 5, 2009. Responses thereto are therefore not due until November 9, 2009. Please see Fed.R.Civ.P. regarding time computation. Insofar as Defendants have not yet responded to the discovery requests, Plaintiff's motion to compel is therefore **DENIED**, without prejudice, as premature.

The parties' attention is further directed to F.R.Civ.P. 37(1), which provides:

> On notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery. The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action.

L.R.Civ.P. 37.02[1] further provides:

> (a) A motion to compel disclosure or discovery must be accompanied by a statement setting forth:
>   (1) Verbatim each discovery request or disclosure requirement and any response thereto to which an exception is taken. If the discovery request or disclosure requirement is ignored, the movant need only file a motion to compel without setting forth verbatim the discovery request or disclosure requirement.
>   (2) The specific rule, statute or case authority supporting the movant's position as to each such discovery request or disclosure requirement.
>   (3) The following specifics in the certification of good faith required under Fed.R.Civ.P. 37:
>     (i) the names of the parties who conferred or attempted to confer,
>     (ii) the manner by which they conferred, and
>     (iii) the date and time of the conference.

---

[1]Plaintiff, *pro se*, is directed to this Court's internet site which contains the Local Rules of Civil Procedure at http:///www.wvnd.uscourts.gov/local_rules.htm.

Mr. Givens has not included the required certification that he has conferred or attempted to confer with Defendants' counsel in an effort to obtain the discovery without court action. It further appears from the motion that Mr. Givens has not, in fact, conferred with Defendants's counsel. Finally, insofar as Defendants have responded to the requests, Mr. Givens has not included:

1) Verbatim each discovery request or disclosure requirement and any response thereto to which an exception is taken,[2] and

2) The specific rule, statute or case authority supporting the movant's position as to each such discovery request or disclosure requirement.

For all the above reasons, Plaintiff's "Notice and Motion to Compel Discovery" [Docket Entry 193] is **DENIED**. Solely because Mr. Givens is proceeding *pro se*, the denial is without prejudice. Mr. Givens shall be permitted to re-file his motion according to the rules, "within thirty days after the discovery response or disclosure requirement sought was due, which date is determined in accordance with a rule or by mutual agreement among the parties . . . ." L.R.Civ.P. 37(b).

It is so **ORDERED**.

The Clerk of the Court is directed to send a copy of this Order to counsel of record, and to Greg Givens, Plaintiff *pro se* by Certified United States Mail.

DATED: November 3, 2009

*John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE

---

[2]Insofar as requirement (1), above, Mr. Givens is alleging that the responses "have been completely retyped and altered away from the original documents." At the proper time and after Mr. Givens has met and conferred with counsel and certified same as required by the Rules, the Court will require him to file a complete copy of his Requests and Defendants' Responses in order to resolve this issue.