# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

GREG GIVENS,
        **Plaintiff,**

*vs*.                                        **CIVIL ACTION NO. 5:08CV25**
                                                    **Judge Stamp**

**WILLIAM CRISWELL and**
**REBECCA RANDOLPH,**
        **Defendants.**

## ORDER/OPINION

On November 2, 2009, Plaintiff, *pro se*, Greg Givens filed "Notice to Court of Defendant Randolph Alteration of Documents/Evidence Tampering (Request for Sanctions)" [Docket Entry 194]. Mr. Givens moves the Court for sanctions. The Court therefore construes Mr. Givens' filing as a Motion. In his Motion, Mr. Givens states:

> Defendant Randolph via counsel has intentionally violation [sic] the Federal Rules of Civil Procedure and deceive [sic] the Court with less that [sic] true evidence. On October 20, 2009 and in Affidavit, Dennis Givens testified that his signature was forgery done by one in Mr. Gamble's office. Plaintiff now contest [sic] that Plaintiff's First Set of Combined Interrogatories, Request for Production of Documents and Request for Admissions have be [sic] altered as to evade, elude discovery requests. See Plaintiff Motion to Compel discovery; Plaintiff Exhibits "1" and "2."

The Court has already addressed and dismissed as without evidentiary basis the allegation that Mr. Gamble's office forged Mr. Givens' signature on the Certified Mail Receipt. The Court does not revisit that allegation. Mr. Givens now alleges that his "First Set of Combined Interrogatories, Request for Production of Documents and Request for Admissions" was altered by Defendant Randolph's counsel, Mr. Gamble, so "as to evade, elude discovery requests." Plaintiff attached as exhibits one page from his original Requests for Admission and one page from what he refers to as "Altered Defendant Copy." There is no doubt that Defendant's counsel's office retyped the Requests for Admission. There is also no prohibition on doing so. Plaintiff's Requests for Admission contain the Request, and then a line underneath stating:

        **Admit**_____                                       **Deny**_____

On Defendant's responses, the requests are identical, with the sole exception being the spelling of the name of the funeral home, which on Plaintiff's requests is spelled Bauknecht-Altmeyer, and on Defendant's responses as Baukneoht-Altmeyer. Defendant replaced the "check-the-space" Admit or Deny Line with a line that begins with "Response."

For example, Plaintiff's Request No. 6 appears as follows:

> **Admission Request No. 6**: Admit that you are the one referred to in Plaintiff Exhibit "D", as "Ms. Randolph."
>
> **Admit _____**     **Deny_____**

Defendant's Response to the Request appears as follows:

> **Admission Request No. 6:** Admit that you are the one referred to in Plaintiff Exhibit "D", as "Ms. Randolph."
>
> **Response:** Denied.

The Court finds nothing improper, and certainly nothing intended "to evade, elude discovery requests" in the two exhibits specifically included by Plaintiff as an example of sanctionable acts. Perhaps Plaintiff is more disturbed by Defendant's non-use of the "Admit" or "Deny" check-off spaces, and her inclusion of objections and explanations. Under Fed.R.Civ.P. 36, both are entirely proper, and, in some circumstances, required. F.R.C.P. 36(a)(4) provides, in pertinent part:

> If a matter is not admitted, the answer must specifically deny it or state in detail why the answering party cannot truthfully admit or deny it. A denial must fairly respond to the substance of the matter; and when good faith requires that a party qualify an answer or deny only a part of a matter, the answer must specify the part admitted and qualify or deny the rest . . . .

F.R.C.P. 36(a)(5) provides, in pertinent part:

> The grounds for objections to a request must be stated.
>
> As an example, Plaintiff's Request No. 8, asks Defendant to:
>
> Admit that you posed as an authority, to obtain information from the Bauknecht-Altmeyer Funeral Homes & Crematory referenced in your police report about Plaintiff.

Defendant responded:

Objection. This Defendant did not create a "police report about Plaintiff." Notwithstanding said objection, denied.

It would be nonsensical as well as unjust to force Defendant to answer either simply "admit" or "deny" in response to that request if she had not prepared the police report.

For all the above reasons, Plaintiff's "Notice to Court of Defendant Randolph Alteration of Documents/Evidence Tampering (Request for Sanctions)" [Docket Entry 194] is **DENIED**. The Court notes that Mr. Givens noticed a hearing at the conclusion of his Motion. Plaintiff's notice is improper. A litigant may move for or request a hearing by the Court, but a litigant does not Notice or Schedule hearings in this Federal Court. Further, the Court finds that no hearing is necessary on this issue, and denies same.

It is so **ORDERED**.

The Clerk of the Court is directed to send a copy of this Order to counsel of record, and to Greg Givens, Plaintiff *pro se* by Certified United States Mail.

DATED: November 5, 2009

*John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE