# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**GREG GIVENS,**

        **Plaintiff,**

***vs*.**                                   **CIVIL ACTION NO. 5:08CV25**
                                                    **Judge Stamp**

**WILLIAM CRISWELL and**
**REBECCA RANDOLPH,**

        **Defendants.**

## ORDER/OPINION

On October 29, 2009 Plaintiff Greg Givens, *pro se,* filed a "Notice and Motion to Disallow Illegally Obtained Evidence" [Docket Entry 188]. On October 23, 2008, District Judge Frederick P. Stamp referred any non-dispositive pre-trial motions, excluding motions in limine, to the undersigned United States Magistrate Judge for decision [Docket Entry 85]. The Court has not received a response to the motion, and will not require a response to the motion. Nor is a hearing required to resolve the issue.

Plaintiff moves the Court "to disallow Defendant Randolph to introduce evidence otherwise obtained by unethical or illegal means, disallowable by such rule, doctrine or standard. Citing 'Defendant, Randolph Reply to Plaintiff's Responses to Defendant's Motion to dismiss,' 'Exhibit I.'" According to the document in question, Defendant's Exhibit 1 is a "copy of audio taped telephone conference between the Plaintiff and counsel for Defendant, Keith C. Gamble." Plaintiff then argues:

> *Pro exemplum* that Title 47 United States Code prohibits the unauthorized tape recordings of telephone conversation without permission, and is subject to federal prosecution. Citing 47 United States Code, 47 USCA section 64.501 et seq.

Plaintiff incorrectly cites 47 U.S.C. 64.501. The Court believes he intended to cite The Telecommunications Act contained in 47 C.F.R. section 64; however, 47 C.F.R. section 64.501 is entitled: "Recording of telephone conversations with telephone companies," and prohibits only "telephone common carrier[s]" from using a recording device in connection with any interstate or foreign telephone conversation between any member of the public on the one hand, and any officer, agent or other persons acting for or employed by any such telephone common carrier, on the other hand, except under certain conditions. It is undisputable that Attorney Gamble is <u>not</u> a telephone common carrier. This statute therefore does not apply.

The proper statute is 18 USC 2510 *et seq*, the Electronic Communications Privacy Act. The relevant section is 18 USC section 2511(2)(d), which provides, however, in pertinent part:

> It shall <u>not</u> be unlawful under this chapter for a person not acting under color of law to intercept a wire, oral, or electronic communication <u>where such person is a party to the communication</u> or where one of the parties to the communication has given prior consent to such interception unless such communication is intercepted for the purpose of committing any criminal or tortious act in violation of the Constitution or laws of the United States or of any State.

(Emphasis added). Federal law therefore does not prohibit a party from recording his or her own conversation with a second party without that second party's knowledge, unless the call's origin or destination is a State in which it is illegal to do so. This is not the case here. Defendant's counsel's office is located in West Virginia and Plaintiff's residence is located in Ohio. Ms. Gray-Pizzuto provided the phone number to which the call was placed, and that number is indeed registered to a

business run by Greg Givens in Ohio, according to Google.[1]   Under W.Va. Code section 62-1D-3, it is not a violation of West Virginia law to record a telephone call when the person recording is a party to the communication or has obtained consent from one of the parties, as long as the recording is not accompanied by a criminal or tortious intent.

Similarly, under Ohio Rev. Code Ann. Section 2933.52, it is not a crime to intercept a wire, oral, or electronic communication if the person recording is a party to the conversation, if one party has consented to taping, or if the conversation is not taped for the purpose of committing a criminal or tortious offense.

Plaintiff states in his Motion: "Mr. Gamble stated to Ms. Gray-Pizzuto while on the witness stand that it is 'illegal' to tape anyone's conversation without permission." (Citing record of hearing on October 20, 2009).  Plaintiff then states: "Mr. Gamble has admitted in open court that it is an 'illegal' act to record the telephone conversations of unsuspecting persons, namely Ms. Carol Gray-Pizzuto."

Contrary to Plaintiff's averment, Mr. Gamble did not "admit" in open court that it is an illegal act to record a telephone conversation.  Instead, the colloquy between Mr. Gamble and Ms. Gray-Pizzuto was as follows:[2]

Gamble:        Did you record the phone conversation in any way, shape or form?

Gray:          No, sir.  We never . . . we never record phone calls.

---

[1]Not, the Court admits, a scientific or inherently reliable source of information, but a public source of such information.  In other words, the Court did not utilize, and did not need to utilize any non-public source to obtain this information.

[2]This is not a certified transcript from the hearing, and may not be perfect.  It is transcribed from a recording and from hand-written notes, not by a court reporter.   The undersigned having been the finder of fact during the hearing, however, it is accurate as to its meaning.

| Gamble: | Did your son record the phone call? |
|---------|--------------------------------------|
| Gray:   | No.  Mm-mm.  That's against the law. |
| Gamble: | It is . . . |
| Gray:   | Yeah, without your permission, I'm sure. |
| Gamble: | You know that for certain? |
| Gray:   | I think so.  I'm not a lawyer, but . . . I'm sure . . . I wouldn't want anyone taping me without me letting them letting . . .  without them letting me know. |

The Court, having been the finder-of-fact at the hearing, finds that Mr. Gamble's reply, "It is" was not an admission or affirmation, but was more in the nature of questioning Ms. Gray-Pizzuto's own statement.  Significantly, even if Mr. Gamble did believe it was illegal to record the conversation, it was not, as already discussed above.

Nor does the Court find Mr. Gamble recorded the conversation with a criminal or tortious intent.  In Defendant Randolph's Reply to her Motion to Dismiss, Mr. Gamble states he "participated in a telephone conversation with the Plaintiff, Greg Givens.  At that time, fearing that Plaintiff would somehow later deny that such events took place, the call was recorded by electronic means."  In fact, Plaintiff does deny receiving the information Mr. Gamble claims is contained in the recorded call.

For all the above reasons, the Court finds that Mr. Gamble's recording of a conversation between himself (or anyone who consented to that recording) and Plaintiff or a member of his family was neither illegal nor unethical, and the evidence is not therefore inadmissible for that reason.[3]

Plaintiff's "Notice and Motion to Disallow Illegally Obtained Evidence" [Docket Entry 188]

---

[3]As already noted, the Motion(s) to Dismiss are not referred to the undersigned United States Magistrate Judge.  Further, there may be other reasons the evidence is ultimately found by the District Judge to be inadmissible.  The undersigned has undertaken to resolve this particular motion because it is non-dispositive so therefore referred, and because the hearing referenced in the motion was before the undersigned.

is therefore **DENIED**. This Motion is decided without hearing, and therefore, insofar as Plaintiff has

Noticed a hearing, said motion is also **DENIED**.

It is so **ORDERED**.

      The Clerk of the Court is directed to send a copy of this Order to counsel of record, and to

Greg Givens, Plaintiff *pro se* by Certified United States Mail.

      DATED: November 5, 2009

*John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE