IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

GREG GIVENS,

    Plaintiff,

v.                                        Civil Action No. 5:08CV25
                                                        (STAMP)

MAIN STREET BANK,
WILLIAM CRISWELL,
REBECCA RANDOLPH,
UNITED BANK-WHEELING,
UNITED BANK-DUNBAR,
ROSELYN J. CANTINI,
OHIO COUNTY PROSECUTOR OFFICE,
WHEELING POLICE DEPARTMENT,
and JOHN DOE 1,
individually and collectively,

    Defendants.

**MEMORANDUM OPINION AND ORDER
DENYING PLAINTIFF'S MOTION FOR
LEAVE TO FILE AN AMENDED COMPLAINT**[1]

I. Background

The plaintiff, Greg Givens, proceeding pro se,[2] filed a complaint against the defendants in the above-styled civil action more than two years ago. This Court has entered two scheduling orders in this case and the date for amendments in both of those scheduling orders has passed. Discovery has closed and summary judgment motions, responses, and replies have been filed. The plaintiff seeks to amend his complaint to clarify the dispute

---

[1] By letter dated March 9, 2010, this Court advised the parties of the tentative ruling on this motion. This memorandum opinion and order sets forth that ruling in more detail.

[2] "Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1341 (9th ed. 2009).

between the parties. He further states that if this Court grants his motion, there will be no prejudice on the defendants. Rebecca Randolph and William Criswell, the remaining defendants in this case, filed separate responses in opposition to the plaintiff's motion. The plaintiff did not file a reply.

## II. Applicable Law

Federal Rule of Civil Procedure 15(a)(1)(A) states, in pertinent part, that "[a] party may amend its pleading once as a matter of course . . . before being served with a responsive pleading." If a party seeks to amend its pleadings in all other cases, it may only do so "with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).

Rule 15(a) grants the district court broad discretion concerning motions to amend pleadings, and leave should be granted absent some reason "such as undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment or futility of the amendment." Foman v. Davis, 371 U.S. 178, 182 (1962); see also Ward Elec. Serv. v. First Commercial Bank, 819 F.2d 496, 497 (4th Cir. 1987); Gladhill v. Gen. Motors Corp., 743 F.2d 1049, 1052 (4th Cir. 1984).

This Court has carefully reviewed the plaintiff's motion, and because the plaintiff is pro se, this Court has liberally construed

the plaintiff's pleadings throughout this entire case. See Haines v. Kerner, 404 U.S. 519 (1971) (holding pro se complaint to less stringent standards than formal pleadings drafted by lawyers).

### III. Discussion

The plaintiff states that he seeks to amend his complaint to clarify the dispute between the parties. The plaintiff did not attach the proposed amended complaint to his motion. This Court's scheduling order contains a requirement, set forth in bold, underlined font, that any party filing a motion to amend a pleading shall attach to that motion a signed copy of the proposed amended pleading. Even if this Court ignored the plaintiff's failure to attach the complaint, this Court must deny the plaintiff's motion for leave to amend on the merits.

After a review of the record, this Court concludes that the plaintiff has exhibited undue delay. The plaintiff waited to file the amended complaint more than two years after filing suit, after the entry of two scheduling orders, after the discovery completion date, and after summary judgment motions and responses have been filed. Moreover, the prejudice to the defendants is so significant as to prevent this Court from allowing the amendment. The granting of the plaintiff's motion would result in delay, hardship, and expense for the defendants. This Court acknowledges that leave to amend should only be denied in limited circumstances. One of those limited circumstances is where the amendment would be prejudicial to the opposing parties. That is certainly the case here.

Accordingly, this Court denies the plaintiff's motion for leave to file an amended complaint.

IV. Conclusion

For the reasons set forth above, the plaintiff's motion for leave to file an amended complaint is hereby DENIED.

IT IS SO ORDERED.

The Clerk is directed to transmit a copy of this memorandum opinion and order to the pro se plaintiff by certified mail and to counsel of record herein.

DATED:    July 22, 2010

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE