IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

GREG GIVENS,

    Plaintiff,

v.                                          Civil Action No. 5:08CV25
                                                      (STAMP)

MAIN STREET BANK,
WILLIAM CRISWELL,
REBECCA RANDOLPH,
UNITED BANK-WHEELING,
UNITED BANK-DUNBAR,
ROSELYN J. CANTINI,
OHIO COUNTY PROSECUTOR OFFICE,
WHEELING POLICE DEPARTMENT,
and JOHN DOE 1,
individually and collectively,

    Defendants.

**MEMORANDUM OPINION AND ORDER**
**AFFIRMING ORDER OF MAGISTRATE JUDGE**

I. Background

The plaintiff, Greg Givens, proceeding pro se,[1] filed a complaint against the defendants in the above-styled civil action. Rebecca Randolph and William Criswell, the remaining defendants in this case, filed separate motions for sanctions against the plaintiff.

The plaintiff filed a motion (Docket No. 146) requesting a hearing on his assertions that the defendants' attorneys violated the Rules by not serving him with filings and that William Criswell's attorney submitted false statements to this Court.

---

[1] "Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1341 (9th ed. 2009).

Magistrate Judge Kaull denied that motion. The plaintiff then filed a motion for hearing (Docket No. 156) which sought the same relief as the previously denied motion. Defendant Randolph responded to that motion, stating that counsel could not verify the authenticity of the U.S. Postal Inspection Service Federal Investigation Report, which stated that a criminal investigation had opened regarding the non-delivery of certified mail in reference to Rebecca Randolph's counsel for mail tampering/mail fraud. Magistrate Judge Kaull granted the plaintiff's motion for a hearing and put him on notice that the matter may be appropriate for Rule 11 sanctions. At the hearing, the plaintiff admitted fabricating the document after maintaining through most of the hearing that he did not know who had fabricated the document. Magistrate Judge Kaull issued an order on June 24, 2010 in which he stated that the plaintiff's behavior was in violation of Rule 11(b) and warranted sanctions. Magistrate Judge Kaull found that the plaintiff admitted to fabricating evidence, maintained his lie when given the opportunity to remedy the situation, and was fully aware of the existence of the documents for which he asserted that he had never received. Further, Magistrate Judge Kaull found this was not his first admonishment for improper conduct. Magistrate Judge Kaull also stated that because the plaintiff knew precisely what he was doing when he both fabricated the document and filed it, the plaintiff's actions were also sanctionable under the Court's inherent authority. The magistrate judge found that a sanction of

$1,000.00 was appropriate in this case. For the reasons set forth below, this Court affirms the order of the magistrate judge.

## II. Applicable Law

As to nondispositive pretrial matters, a magistrate judge's ruling may be reversed only on a finding that the order is "clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1). "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with a definite and firm conviction that a mistake has been committed." United States v. United States Gypsum Co., 333 U.S. 364, 395 (1948). In light of the broad discretion given to a magistrate judge in the resolution of nondispositive discovery disputes, the court should only overrule a magistrate judge's determination if this discretion is abused. Detection Sys., Inc. v. Pittway Corp., 96 F.R.D. 152, 154 (W.D.N.Y. 1982).

This Court has carefully reviewed the plaintiff's motion, and because the plaintiff is pro se, this Court has liberally construed the plaintiff's pleadings throughout this entire case. See Haines v. Kerner, 404 U.S. 519 (1971) (holding pro se complaint to less stringent standards than formal pleadings drafted by lawyers).

## III. Discussion

The plaintiff filed his motion for reconsideration or for review by this Court on July 2, 2010. He argues that his due process rights were violated by having the defense counsel interrogate the plaintiff on the stand to get him to confess to

numerous crimes.  He states that he should have been read <u>Miranda</u> rights.  The plaintiff also argues that he is the primary care giver for his uncle and that his request to attend the hearing via telephone was denied.  The plaintiff states it is hard for him to make the trip to Clarksburg and that he was scared his uncle would have another seizure.  He argues that no real issues of fact were ever proven against the plaintiff.

This Court concludes that the magistrate judge's order must be affirmed as it is not clearly erroneous.  The plaintiff, in his objections, did not show that the magistrate judge's findings that the plaintiff proffered false evidence; lied about it both within and outside of the Tribunal; pursued his false claims to hearing after being given ample opportunity to withdraw from the fray; and pursued his claim in and beyond the court to the West Virginia State Bar Office of Disciplinary Counsel solely to harass counsel and increase the defendants' costs in this litigation were contrary to law or that the magistrate judge abused his discretion.[2]

---

[2] Even if this Court reviewed the plaintiff's motion under the reconsideration standard of Federal Rule of Civil Procedure 59(e), the result would be the same.  The United States Court of Appeals for the Fourth Circuit has recognized three grounds for amending an earlier judgment: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice.  <u>Pacific Ins. Co. v. Am. Nat'l Fire Ins. Co.</u>, 148 F.3d 396, 403 (4th Cir. 1998).  The plaintiff does not show evidence that fulfills any one of these factors.

IV. <u>Conclusion</u>

For the reasons set forth above, the magistrate judge's order is AFFIRMED and the plaintiff's objections are OVERRULED.

IT IS SO ORDERED.

The Clerk is directed to transmit a copy of this memorandum opinion and order to the <u>pro se</u> plaintiff by certified mail and to counsel of record herein.

DATED:    July 22, 2010

<u>/s/ Frederick P. Stamp, Jr.</u>
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE